ORIGINAL

**SHWAL & PLATT**
by Neal R. Platt (NP 1954)
*A Member of the Firm*
24th Floor
767 Third Avenue
New York, New York 10017
Telephone: (212) 332-3311
Email: plattneal@gmail.com
*Attorneys for Plaintiff*
 *Roset USA Corporation*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/21

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

ROSET USA CORPORATION,

                              Plaintiff,

        -against-

PAUL KAN LUM, ETERNITY MODERN
FURNITURE COMPANY, and
NORTHBANQ DESIGN COLLECTION
CORP.,

                              Defendants.

Case No. 1:21-cv-01766 (LLS)

**FINAL JUDGMENT ON CONSENT
WITH PERMANENT INJUNCTION**

        **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned

attorneys of record for all parties in the above-entitled action, as follows:

        **WHEREAS**, all of the parties to this action have heretofore executed an agreement

denominated "Settlement Agreement," dated as of July 21, 2021 (said agreement, together

with all documents to be executed pursuant thereto, shall hereinafter be referred to as the

"Settlement Agreement") providing for the final resolution of this action;

        **NOW THEREFORE:**

printed  9/1/21  5:42 pm

## *I. FINDINGS.*

At the request of all parties, the Court makes the following findings and declares that, to the extent consistent with the Constitution and statutes of the United States, these findings shall be deemed a final adjudication on the merits:

### *A. Parties.*

1.  Plaintiff Roset USA Corporation ("Roset USA"):

(a)   is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 250 Park Avenue South, Mezzanine, New York, New York 10003;

(b)   is the owner of the following marks (each of which may be referred to individually as a "Roset Mark" and together, as the "Roset Marks"), each of which is registered on the Principal Register of the United States Patent & Trademark Office, as follows:

TOGO®
U.S. Reg. No. 3,715,041
(the "Togo Word Mark"); and



U.S. Reg. No. 4,647,697
(the "Togo Design Mark");

(c)   is part of a group of companies under common control, known informally as the "Roset Group."

printed  9/1/21  5:42 pm

2. Defendant Paul Kan Lum ("Lum"), who hereby waives any and all defenses to the Court's assertion of subject matter jurisdiction over the action and personal jurisdiction over Defendant Lum and hereby appears in this action for the express purpose of joining in this Judgment on Consent:

(a)     is a natural person residing and doing business in Canada;

(b)     maintains his principal residence at 6633 Oak Street, Vancouver, British Columbia V6P 3Z4, Canada; and

(c)     maintains no place of business in the United States.

3. Defendant Northbanq Design Collection Corp. ("Northbanq"):

(a)     is a corporation organized and existing under the laws of the Province of British Columbia, Canada;

(b)     maintains its principal place of business at Unit 404, 602 West Hastings Street, Vancouver, British Columbia V6B 1P2, Canada; and

(c)     maintains no place of business in the United States.

4. Defendant Eternity Modern Furniture Company ("Eternity Modern"), which is identified in the Complaint as an unincorporated sole proprietorship of Defendant Northbanq organized and existing under the laws of the Province of British Columbia, Canada, is in fact merely an assumed name utilized by Northbanq, having no corporate or organizational existence distinct from Northbanq, and should be dismissed from this action.

### *B. Subject Matter Jurisdiction*

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. The matter in controversy arises under an Act of Congress commonly known as the "Lanham Trademark Act," as amended. The matter in controversy also includes a claim of unfair competition joined with a substantial and related claim under the Lanham Trademark Act, as amended.

6. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The matter in controversy is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### *C. Jurisdiction In Personam.*

7. This Court has personal jurisdiction over Plaintiff by means of its invocation of the Court's process in this action.

8. This Court has personal jurisdiction over Defendant Paul Kan Lum by his appearance in this action as manifested by his counsel's signature on behalf of said Defendant below.

9. This Court has personal jurisdiction over Defendant Northbanq Design Collection Corp. d/b/a/ ETERNITY MODERN FURNITURE COMPANY by means of its filing an Answer in this action neither manifesting nor reserving any objection to the Court's exercise of such personal jurisdiction.

printed 9/1/21  5:42 pm

10. This Court also has personal jurisdiction over Defendants in this action pursuant to Rule 4(k)(1) of the Federal Rules of Civil Procedure, governing a federal claim within state-court jurisdiction, which provides in part:

> Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> (A)  who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
>
> (B)  who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>
> (C)  when authorized by a federal statute.

11. This Court also has personal jurisdiction over Defendants in this action pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, governing a federal claim outside state-court jurisdiction, which provides in part:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A)  the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B)  exercising jurisdiction is consistent with the United States Constitution and laws.

printed  9/1/21   5:42 pm

### *D. Venue.*

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) in that the Southern District of New York is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, the Southern District of New York is a judicial district in which Defendants are subject to personal jurisdiction, and there is no district in which this action may otherwise be brought.

## *II. ORDERS.*

### *A. Amendment of Caption*

13. The caption of this action is hereby amended to read as follows, and the Clerk of the Court is hereby ordered to conform the caption in the Court's records to the following:

**ROSET USA CORPORATION,**

Plaintiff,

-against-

**PAUL KAN LUM and NORTHBANQ DESIGN COLLECTION CORP.,**

Defendants.

### *B. Permanent Injunction.*

14. Defendants, their agents, representatives, attorneys, successors and assigns, and all persons in active concert or participation with them, directly or indirectly, as their interests may appear are hereby restrained from directly or indirectly:

(a)     whether online or in tangible form, displaying in connection
        with any of Defendants' goods or services, any labels, tags, or
        identifying material bearing Plaintiff's marks or confusingly
        similar marks, or any other marks or characters similar thereto
        or suggestive thereof;

(b)     exhibiting, selling, or offering for sale any goods bearing any of
        Plaintiff's marks or confusingly similar marks;

(c)     stating, indicating, acknowledging, or otherwise giving the
        impression to any person for any reason whatsoever that there
        is any affiliation or connection between Plaintiff or its goods or
        services, on one hand, and Defendants or any of Defendants'
        goods or services, on the other hand; and

(d)     petitioning to cancel the registrations of either of Roset's Marks
        in the United States Patent and Trademark Office, opposing or
        interfering in any way with the maintenance or renewal of any
        such registrations, or opposing or interfering with Roset USA's
        application for additional registration(s) (or re-registrations) of
        either or both of Roset's Marks.

### *C. Dismissal of Claims.*

15. All claims in this action, including, but not limited to, counterclaims, cross-
claims, and all other claims however denominated, are hereby dismissed with prejudice.

### *D. Continuing Jurisdiction to Enforce this Final*
### *Judgment on Consent.*

16. This Court shall retain personal jurisdiction over Plaintiff and Defendants for the
purpose of enforcing their respective rights and obligations under this Final Judgment on
Consent with Permanent Injunction.

printed 9/1/21 5:42 pm

### E.  Costs & Fees.

17.  Except as may be set forth in the Settlement Agreement or this Final Judgment on Consent, each party shall bear its own costs, expenses, and attorneys' fees of this action.

Dated:  New York, New York
September 1, 2021

SHWAL & PLATT

by:

Neal R. Platt (NP1954)
*A Member of the Firm*
24th Floor
767 Third Avenue
New York, New York  10017
(212) 332-3311
plattneal@gmail.com
*Attorneys for Plaintiff*
*Roset USA Corporation*

**OSTROLENK FABER LLP**

by:  /s/ Max Moskowitz

Max Moskowitz
*A Member of the Firm*
845 Third Avenue
New York, New York 10022
(212) 596-0500
mmoskowitz@ostrolenk.com
apeikes@ostrolenk.com
*Attorneys for Defendants Paul Kan Lum,*
*Eternity Modern Furniture Company, and*
*Northbanq Design Collection Corp.*

**SO ORDERED:**

Louis L. Stanton

**HON. LOUIS L. STANTON**
**U.S.D.J.**

Date:  September 3, 2021
Time:  12:24 PM